# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 52814

| | |
|---|---|
| In the Matter of Jane Doe I, A Child Under Eighteen (18) Years of Age. | ) |
| STATE OF IDAHO, DEPARTMENT OF HEALTH & WELFARE, | ) Filed: July 16, 2025 |
| | ) |
| | ) Melanie Gagnepain, Clerk |
| Petitioner-Respondent, | ) |
| | ) THIS IS AN UNPUBLISHED |
| v. | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| JOHN DOE (2025-12), | ) |
| | ) |
| Respondent-Appellant. | ) |
| | ) |

Appeal from the Magistrate Division of the District Court of the Second Judicial District, State of Idaho, Nez Perce County. Hon. Karin Seubert, Magistrate.

Judgment terminating parental rights, <u>affirmed</u>.

Joanna McFarland, Lewiston, for appellant.

Hon. Raúl R. Labrador, Attorney General; Brianna Allen, Deputy Attorney General, Lewiston, for respondent.

---

LORELLO, Judge

John Doe (2025-12) appeals from the judgment terminating his parental rights. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Doe is the father of the minor child involved in this action. The child was born in 2013. Due to Doe's inability to provide a safe and stable home for the child, the child was removed from her father. The Idaho Department of Health and Welfare was awarded legal custody of the child. The child was subsequently placed into a non-relative foster home for three months and was then entrusted into the care of her paternal grandmother and her husband. Prior to the child's placement into the foster home, the magistrate court approved a case plan for Doe. Doe was incarcerated in

1

2024, and the magistrate court found that he failed to make meaningful progress on his case plan following his release from custody. The Department subsequently filed a petition to terminate Doe's parental rights. After finding by clear and convincing evidence that Doe neglected the child and that termination is in the child's best interests, the magistrate court terminated Doe's parental rights. Doe appeals.

## II.

## STANDARD OF REVIEW

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Id.* The Idaho Supreme Court has also said that the substantial evidence test requires a greater quantum of evidence in cases where the trial court's finding must be supported by clear and convincing evidence than in cases where a mere preponderance is required. *State v. Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *Roe v. Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the trial court's decision must be supported by objectively supportable grounds. *Doe*, 143 Idaho at 346, 144 P.3d at 600.

## III.

## ANALYSIS

Doe challenges the sufficiency of the evidence supporting the magistrate court's findings of neglect, his inability to discharge his parental responsibilities, and that termination is in the child's best interests. The Department responds that substantial and competent evidence supports the magistrate court's termination decision. Because the magistrate court's findings are supported by substantial and competent evidence, we affirm the termination of Doe's parental rights.

### A.     Statutory Basis for Termination

A parent has a fundamental liberty interest in maintaining a relationship with his or her child. *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002). This interest is protected by the Fourteenth Amendment to the United States

2

Constitution. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007). Implicit in the Termination of Parent and Child Relationship Act is the philosophy that, wherever possible, family life should be strengthened and preserved. I.C. § 16-2001(2). Therefore, the requisites of due process must be met when terminating the parent-child relationship. *State v. Doe*, 143 Idaho 383, 386, 146 P.3d 649, 652 (2006). Due process requires that the grounds for terminating a parent-child relationship be proved by clear and convincing evidence. *Id*. Because a fundamental liberty interest is at stake, the United States Supreme Court has determined that a court may terminate a parent-child relationship only if that decision is supported by clear and convincing evidence. *Santosky v. Kramer*, 455 U.S. 745, 769 (1982); *see also* I.C. § 16-2009; *Doe v. Dep't of Health & Welfare*, 146 Idaho 759, 761-62, 203 P.3d 689, 691-92 (2009); *Doe*, 143 Idaho at 386, 146 P.3d at 652.

Idaho Code Section 16-2005 permits a party to petition the court for termination of the parent-child relationship when it is in the child's best interests and any one of the following five factors exist: (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities for a prolonged period that will be injurious to the health, morals, or well-being of the child; or (e) the parent is incarcerated and will remain incarcerated for a substantial period of time. Each statutory ground is an independent basis for termination. *Doe*, 144 Idaho at 842, 172 P.3d at 1117.

In this case, the magistrate court terminated Doe's parental rights on the grounds of neglect. Idaho Code Section 16-2002(3)(a) defines "neglect" as any conduct included in I.C. § 16-1602(31). Section 16-1602(31)(a) provides, in pertinent part, that a child is neglected when the child is without proper parental care and control, or subsistence, medical or other care or control necessary for his or her well-being because of the conduct or omission of his or her parents, guardian, or other custodian or their neglect or refusal to provide them. Neglect also exists where the parent has failed to comply with the court's orders or the case plan in a Child Protective Act case and the Department has had temporary or legal custody of the child for fifteen of the most recent twenty-two months and reunification has not been accomplished by the last day of the fifteenth month in which the child has been in the temporary or legal custody of the Department. I.C. § 16-2002(3)(b).

The magistrate court found, by clear and convincing evidence, that Doe neglected the child under I.C. § 16-1602(31) by failing to maintain sobriety, failing to establish a positive parent-child relationship with the child, failing to secure stable housing for the child, and failing to comply with his court-ordered case plan tasks. In November 2023, Doe was charged with felony possession of a controlled substance. Shortly thereafter, Doe made arrangements to enter a ninety-day inpatient substance abuse treatment facility; however, the magistrate court determined that Doe was not meaningfully engaged in the program for any substantial period of time. Doe admitted to the magistrate court that, from December 2023 until his arrest in February 2024, he was actively using illegal substances and living on the streets. In April 2024, Doe was sentenced on the possession of a controlled substance charge; the district court retained jurisdiction and Doe participated in the "rider" program. In September 2024, Doe was placed on probation after successful completion of the program but continued to struggle with substance use while on probation.

The magistrate court found that, despite support from probation officers and weekly counseling, Doe continued to use methamphetamine approximately every three days as a way to manage withdrawal symptoms. Between December 2023 and February 2024, Doe had no contact with the child. Between entering custody in February 2024 and completing the rider program in September 2024, Does's contact with the child consisted of two video visits. Since being placed on probation, Doe's only contact with the child was a short encounter in December 2024 when they gave each other a hug and exchanged gifts. Since then, Doe has not attended any supervised or therapeutic visitation he was invited to with the child, asserting that his work schedule prevented him from doing so. In hearings conducted as part of the underlying proceedings at which Doe and the child were both present, Doe did not utilize any limited opportunities to engage with the child. The magistrate court also found Doe failed to attend any of the child's medical, dental, vision, or education appointments. The magistrate court further noted that Doe's residence consisted of a motel room with a private bathroom, which Doe acknowledged was not a suitable residence for the child. Doe also admits that the child's best interests are served by remaining with her current caretakers.

The second basis for the magistrate court's termination decision was based on the finding that Doe was unable to discharge parental responsibilities. The magistrate court stated that termination on this basis was appropriate because Doe: (1) had not established a parent-child bond

4

with the child throughout this case; (2) had not gained sobriety; (3) was unable to balance his work schedule with attending therapeutic visits with the child; and (4) admits his housing was inadequate for childcare.

On appeal, Doe contends that the magistrate court erred in making this finding because other evidence shows Doe provided care for the child. Specifically, Doe asserts he utilized state programs to provide for the child's needs, scheduled eye and dental programs for the child, enrolled the child in school and arranged for her special education needs, and was building a community of support around the child. Doe further asserts he was actively involved in community treatment, had maintained sufficient employment, and had housing. Doe claims that, as a result, he created a home for the child to return to his care and that he satisfied his obligation to discharge his parental duties. Despite these efforts, the record indicates that Doe failed to achieve sobriety after completing institutional rehabilitation, failed in the past to meaningfully engage with rehabilitation programs, and failed to achieve sobriety while on parole. Further, Doe admits his current residence is not suitable for the child and that the child's best interests are served by remaining with her current caretakers. Doe asks this Court to reweigh the evidence in this case, which this Court will not do. *See, e.g., Doe*, 148 Idaho at 245-46, 220 P.3d at 1064-65. This Court's review is limited to whether substantial and competent evidence supports the magistrate court's decision. *Id.* Applying this standard, Doe has failed to show that the magistrate court erred in finding neglect under I.C. § 16-1602(31)(a).

Doe further asserts, in conclusory fashion, that he "met the goals of the case plan tasks." He also asserts, without citation to any legal authority, that the Department accepted Doe's efforts as adequate compliance given its lack of communication with him. Conclusory allegations and assertions of fact, without valid legal foundation, are not sufficient to support an argument on appeal. I.A.R. 35(a)(6); *In re Doe*, 166 Idaho 720, 727, 462 P.3d 1184, 1191 (Ct. App. 2020). Moreover, as the Department notes, Doe admitted that he failed to complete his case plan tasks. Specifically, Doe admitted he had not been sober for ninety days as required by his first case plan task. Doe also admitted he failed to attend medical, dental, vision, or school appointments for the child as required by his third case plan task. Doe also agreed he did not complete his court-ordered case plan by the last day of the fifteenth month the child spent in foster care. As such, Doe has failed to show that the magistrate court erred in finding that he failed to comply with the case plan;

consequently, substantial and competent evidence supports the magistrate court's finding that Doe neglected the child as defined in I.C. § 16-6002(3)(b). There is likewise substantial and competent evidence to support the magistrate court's finding that Doe "is unable to discharge parental responsibilities and such inability will continue for a prolonged indeterminate period and will be injurious to the health, morals or well-being of the child" as defined in I.C. § 16-2005(1)(d).

**B.     Best Interests of the Child**

Once a statutory ground for termination has been established, the trial court must next determine whether it is in the best interests of the child to terminate the parent-child relationship. *Tanner v. State, Dep't of Health & Welfare*, 120 Idaho 606, 611, 818 P.2d 310, 315 (1991). When determining whether termination is in the child's best interests, the trial court may consider the parent's history with substance abuse, the stability and permanency of the home, the unemployment of the parent, the financial contribution of the parent to the child's care after the child is placed in protective custody, the improvement of the child while in foster care, the parent's efforts to improve his or her situation, and the parent's continuing problems with the law. *Doe (2015-03) v. Doe*, 159 Idaho 192, 198, 358 P.3d 77, 83 (2015); *Idaho Dep't of Health & Welfare v. Doe*, 156 Idaho 103, 111, 320 P.3d 1262, 1270 (2014). A finding that it is in the best interests of the child to terminate parental rights must still be made upon objective grounds. *Idaho Dep't of Health & Welfare v. Doe*, 152 Idaho 953, 956-57, 277 P.3d 400, 403-04 (Ct. App. 2012).

The magistrate court found that termination is in the child's best interests because:  (1) Doe has failed to engage in planned visitation or establish a healthy parent-child bond; (2) Doe has not achieved sobriety; (3) Doe has rejected communication and support from the child's case worker; and (4) the child has improved and thrived with her current caretakers. As discussed, there is substantial and competent evidence that Doe has failed to achieve sobriety despite multiple opportunities to do so, continually uses methamphetamine, and has failed to attend therapeutic visits and education and health appointments with the child that would help establish a healthy parent-child relationship. Further, the magistrate court found that the child is currently in a stable home with her caretakers. Under their care, the child is reading at a third-grade level and beginning to transition into a fifth-grade classroom with her peers. The child's physical and emotional health needs are being met through routine appointments with doctors and counselors. The child is involved in extracurricular activities such as swimming. Substantial and competent evidence

supports the magistrate court's finding that the child has improved and thrived under her current caretakers.

Doe asserts the caseworker impeded case plan progress by lying to him, which allegedly explained a strain in communication and a rejection of the caseworker's support. Doe cites to no evidence in the record to support this assertion. Contrary to Doe's claim of obstruction, the caseworker took considerable efforts to communicate and collaborate with Doe by arranging meetings with Doe's attorney present (as Doe required) and by communicating with Doe monthly by letters, phone calls, texts, or emails. Doe also argues that he needs more time with the child to be the father the child deserves. However, Doe has actively rejected opportunities to engage with the child throughout this case and despite the efforts of the caseworker.

In sum, there is substantial and competent evidence supporting the magistrate court's finding that termination is in the child's best interests. Doe has failed to show error in this finding.

## IV.
## CONCLUSION

The magistrate court's findings that Doe neglected the child, that Doe was unable to discharge his parental responsibilities, and that termination is in the child's best interests are supported by substantial and competent evidence. Doe has failed to show error in the magistrate court's decision to terminate his parental rights. Accordingly, the judgment terminating Doe's parental rights is affirmed.

Chief Judge GRATTON and Judge TRIBE, **CONCUR**.